## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-211

JULY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Chittenden Unit, |
| | } | Criminal Division |
| DaJuan Williams | } | |
| | } | DOCKET NO. 962-3-14 Cncr |
| | } | |
| | | Trial Judge:  James R. Crucitti |

In the above-entitled cause, the Clerk will enter:

Defendant DaJuan Williams appeals from the trial court's denial of his motion to reduce or eliminate his $25,000 bail.  I affirm.

Defendant has been arraigned on two felony counts of selling 200 milligrams or less of heroin, 18 V.S.A. § 4233(b)(1), two felony counts of selling or delivering 200 milligrams or more of heroin, 18 V.S.A. § 4233(b)(2), and one misdemeanor count of giving false information to an officer, 13 V.S.A. § 1754(a).  At arraignment, the trial court set defendant's conditions of release, pursuant to 13 V.S.A. § 7554, and included a bail amount of $25,000, to which defendant objected.  The court imposed the bail amount anyway, reasoning that defendant posed a high risk of flight because: he has no ties to Vermont, including no employment history and no residence here; he is relatively young, at age 21; he has a significant record, including other drug charges, in his home state of Michigan; and he is facing serious charges that carry significant jail time.  Defendant was unable to make his $25,000 bail and filed a motion for bail review pursuant to 13 V.S.A. § 7554(d)(1).

The trial court held a bail review hearing.  The only witness at the hearing was defendant's mother, who testified by telephone from her home in Michigan.  Among other things, defendant's mother testified that defendant had lived with her or with other family members in and around Detroit, Michigan for the last several years and up until February of this year, just before the current charges were filed.  The court ultimately issued a written decision in which it determined that the $25,000 bail was reasonable.

Defendant filed a timely appeal to this court, pursuant to 13 V.S.A. § 7556(b), and I heard argument on the matter by telephone.

I must affirm  the trial court's decision on conditions of release "if it is supported by the proceedings below."  13 V.S.A. § 7556(b).  In setting bail, a judge must determine the least restrictive conditions of release that will reasonably assure that defendant will appear.  13

V.S.A. § 7554(a)(1).  The judge must also consider the following factors while setting conditions of release:

> the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

13 V.S.A. § 7554(b).

The trial court's consideration of the relevant factors was properly supported by the proceedings below.  In setting and upholding the $25,000 bail amount, the court relied on the number and seriousness of the four counts of felony heroin trafficking charges defendant is facing and the lack of defendant's ties to the community in Vermont—including no in-state family, employment, residence, or property.  The court also noted that one of the charges defendant is facing includes allegations of providing the police with a false identity at a traffic stop.  The court considered that defendant had a record of convictions in Michigan for similar offenses, although neither side presented any record of appearance or failure to appear at court proceedings.  Although defendant had filed motions to suppress and dismiss based on challenges to the validity of the search warrants and the credibility of the confidential informant, motions on which the court had not yet heard evidence, the court made a "preliminary and limited" determination that the warrants were not defective and that the confidential informant's reliability was supported.  The court also noted that $9000 in cash was found in the glove compartment of defendant's vehicle.

I find that each of the court's considerations is properly supported by the proceedings below.  The record shows no indication of how defendant's $25,000 bail compares to other, similarly situated defendants.  The bail amount therefore strikes me as somewhat arbitrary.  I nonetheless find that, under our statutes, the trial court's appropriate consideration of the relevant factors supports a determination that defendant is at some risk of flight and therefore supports a determination of $25,000 bail.

Affirmed.

FOR THE COURT:

_____
John A. Dooley, Associate Justice

2